# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**HARRY H. KROUSKOUPF, III,** *et al.*,

    Plaintiffs,

    v.                                          **Civil Action 2:19-cv-3045**
                                                    **Judge Sarah D. Morrison**
                                                    **Magistrate Judge Chelsey M. Vascura**

**MUSKINGUM COUNTY JAIL,** *et al.*,

    Defendant(s).

## REPORT AND RECOMMENDATION

This matter is before the United States Magistrate Judge for a Report and Recommendation on the Court's July 17, 2019 Order and Notice of Deficiency. (ECF No. 4.) For the reasons that follow, it is **RECOMMENDED** that Plaintiff Terry M. Bocook's ("Plaintiff Bocook") action be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

On July 12, 2019, Plaintiff Bocook and Plaintiff Harry H. Krouskoupf, III, ("Plaintiff Krouskoupf") commenced this action, and Plaintiff Krouskoupf alone moved for leave to proceed *in forma pauperis*. On July 17, 2019, the Court entered an Order and Notice of Deficiency, pointing out that Plaintiff Bocook had not paid the requisite $400 filing fee or filed an application to proceed *in forma pauperis* under 28 U.S.C. §1915. (ECF No. 4.) Plaintiff Bocook was cautioned that if he intended to pursue this action, he must either pay the $400 filing fee or file a properly supported application to proceed *in forma pauperis* by August 19, 2019. Plaintiff Bocook was also cautioned that failure to comply with the Court's Order would result in

dismissal of his action for failure to prosecute. (*Id.*) To date, Plaintiff Bocook has failed to comply with the Court's July 17, 2019 Order.

Under the circumstances presented in the instant case, the undersigned recommends dismissal of Plaintiff Bocook's action pursuant to Rule 41(b). The Court's inherent authority to dismiss a plaintiff's action with prejudice because of his or her failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Here, Plaintiff Bocook failed to comply with the Court's Order instructing him to either pay the $400 filing fee or submit an application to proceed *in forma pauperis*. (Order and Notice

of Deficiency, ECF No. 4.)  Moreover, the Court explicitly cautioned Plaintiff Bocook that failure to comply would result in dismissal of this action for failure to prosecute.  *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or the lack thereof, is . . . a key consideration" in whether dismissal under rule 41(b) is appropriate). Plaintiff Bocook's failure to timely comply with the clear order of the Court, which established reasonable deadlines for compliance, constitutes bad faith or contumacious conduct.  *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal").  Because Plaintiff Bocook has missed this deadline and disregarded the Court's Order, the undersigned concludes that no alternative sanction would protect the integrity of the pretrial process.  Nevertheless, the undersigned concludes that dismissal with prejudice and requiring Plaintiff Bocook to pay the filing fee is too harsh a result. It is therefore **RECOMMENDED** that the Court **DISMISS PLAINTIFF BOCOOK'S ACTION WITHOUT PREJUDICE** under Rule 41(b).  It is further **RECOMMENDED** that the Court not assess the filing fee to Plaintiff Bocook in this matter.  Finally, it is **RECOMMENDED** that the Court order Plaintiff Bocook to list this action as a related case if he re-files.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations

3

to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE