# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**HARRY H. KROUSKOUPF, III,** *et al.*,

    **Plaintiffs,**

    v.

**MUSKINGUM COUNTY JAIL,** *et al.,*

    **Defendants.**

Civil Action 2:19-cv-3045
Judge Sarah D. Morrison
Magistrate Judge Chelsey M. Vascura

## ORDER and REPORT AND RECOMMENDATION

Plaintiffs, Harry H. Krouskoupf and Terry M. Bocook, inmates at Muskingum County Jail who are proceeding without the assistance of counsel, bring this civil rights action under 42 U.S.C. § 1983 against the Muskingum County Jail and the jail's sheriff and two officers, alleging conditions-of-confinement and access-to-courts claims. Because Plaintiff Bocook failed to timely comply with this Court's July 17, 2019 Order (ECF No. 4) to either pay the filing fee or file a properly supported application to proceed *in forma pauperis*, the undersigned issued a Report and Recommendation (ECF No. 6) recommending that Plaintiff Bocook's claims be dismissed without prejudice. That Report and Recommendation remains pending. This matter is before the Court for the initial screen of Plaintiff Krouskoupf's claims under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.

1997). Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** this Plaintiff Krouskoupf's claims pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted.

This matter is also before the Court for consideration of Plaintiff Krouskoupf's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF No. 1.) Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statement reveals that he currently possesses fifty-eight cents in his prison account, which is insufficient to pay the filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff Krouskoupf's inmate trust accounts (Inmate Booking Id Number 16792) at Muskingum County Jail is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff Krouskoupf be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## I.

According to Plaintiff Krouskoupf's Complaint, on February 5, 2018, he slipped in fell when exiting the shower. He suffered a mild concussion and some bruising. Plaintiff Krouskoupf filed grievances with jail officials complaining that the shower area was unsafe. Plaintiff Krouskoupf alleges that notwithstanding his grievances, the showers remain unsafe. He explains that "large amounts of water [is] laying around the shower area . . ., we have no wet floor signs, hand rails, stick tape, or shower mat . . . [and] [t]he shower stands at least 18 inches off of the ground." (Compl. 5, ECF No. 5 at PAGEID # 43.)

Plaintiff Krouskoupf also alleges that he has "been denied the opportunity to assist in [his] criminal defense" because the Muskingum County Jail has no law library. (*Id*. at PAGEID # 45.) He also alleges that when he asked a corrections officer to make a copy of a legal document he wanted to send to the court, he was informed that the jail does not make copies and that he should go through his attorney. Plaintiff Krouskoupf maintains that the jail "is violating [his] constitutional rights by not allowing him to assist in [his] criminal defense." (*Id*.)

Plaintiff Krouskoupf names Muskingum County Jail; Matthew Lutz, the Sherriff of Muskingum County Jail; David Suici, a Captain at Muskingum County Jail; and John Lang, a Sergeant at Muskingum County Jail, as defendants. He explains that he named Sheriff Lutz

because he is "the top guy responsible for everything going on in or at this jail" and that he named Sgt. Lang and Captain Suici because they responded to his grievances and are also responsible for the daily activities at Muskingum County Jail. (*Id*. at PAGEID # 44.) Plaintiff Krouskoupf seeks an award of $2 million.

**II.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).

4

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In addition, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr. 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520

(1972).

### III.

The undersigned considers Plaintiff Krouskoupf's claims arising from the alleged unsafe shower conditions and lack of a law library in turn.

**A.     Alleged Unsafe Shower Conditions**

"The [Eighth] Amendment . . . imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates . . . ." *Farmer v. Brennan*, 511 U.S. 825, 932-33 (1994) (internal quotation marks and citations omitted). *See also Helling v. McKinney*, 509 U.S. 25, 33 (1993) (quoting *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 200 (1989)) (holding that the Eighth Amendment "requires that inmates be furnished with the basic human needs, one of which is 'reasonable safety'").

Such claims under the Eighth Amendment require the plaintiff "to prove both the subjective and objective elements necessary to prove an Eighth Amendment. To satisfy the objective component for a claim based upon a failure to prevent harm, "the inmate must show he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834 (citations omitted). The United States Supreme Court has offered the following guidance with respect to the objective factor:

> [The objective factor] requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate.

*Helling*, 509 U.S. at 36.

"To satisfy the subjective component, an inmate must show that prison officials had a sufficiently culpable state of mind." *Berksire v. Beauvais*, 928 F.3d 520, 535 (6th Cir. 2019) (internal quotation marks and citations omitted). The United States Court of Appeals for the Sixth Circuit has explained as follows:

> "[T]hat state of mind is one of deliberate indifference to inmate health or safety. Although the deliberate indifference standard describes a state of mind more blameworthy than negligence, this standard is satisfied if the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."

*Id.* (quoting *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (internal quotation marks and citations omitted)).

Here, Plaintiff Krouskoupf's allegations fail to satisfy the objective factor. That is, the condition about which Plaintiff Krouskoupf complains—"large amounts of water . . . laying around the shower area," (Compl. 5, ECF No. 5 at PAGEID # 43)—does not present a risk "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk," *Helling*, 509 U.S. at 36. Both trial courts and appellate courts considering this issue have concluded that a wet floor does not pose a sufficiently grave threat for purposes of satisfying the objective component of an Eighth Amendment claim. *See*, *e.g.*, *Shuler v. Hall*, No. 3:18-cv-1223, 2019 WL 1777899, at *7-8 (M.D. Tenn. Apr. 23, 2019) (no viable Eighth Amendment claim where inmate complained of flooding in his cell and later suffered a injuries when he slipped in the water and fell); *Bell v. Ward*, 88 F. App'x 125, 127 (7th Cir. 2004) ("The condition that Bell attributes to the prison officials' oversight—the accumulation of water on the floor—did not present a substantial risk of serious injury. Although wet floors do present a possibility that inmates might slip, Bell's allegations do not suggest a substantial risk of serious harm that

7

reflects the deliberate indifference required to impose liability under the Eighth Amendment." (citations omitted)); *Reynolds v. Powell*, 370 F.3d 1028, 1031–32 (10th Cir. 2004) (holding standing water in shower did not pose substantial risk of serious harm, even though plaintiff was on crutches and had warned prison officials that he was at a heightened risk of falling); *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) ("an inch or two" of accumulated water in the shower not "an excessive risk to inmate health or safety"); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("[S]lippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment."). *See also Carter v. Corrs. Corp. of Am.*, No. 1:15-cv-90, 2015 WL 7015557, at *5 (M.D. Tenn. Nov. 12, 2015) (collecting cases for the proposition that "A wet floor is not a sufficiently grave threat to constitute a substantial risk of serious harm as required to violate the Eighth Amendment"); *Tullos v. Balk*, No. 1:18-cv-883, 2018 WL 5306906, at *4 (W.D. Mich. Oct. 26, 2018) (same); *Soimis v. Holloway*, No. 16-1177, 2018 WL 3966277, at *4 (W.D. Tenn. Aug. 17, 2018) (same).

For this reason, it is **RECOMMENDED** that Plaintiff Krouskoupf's Eighth Amendment claim premised upon the alleged unsafe shower condition presented by the wet floor be **DISMISSED**.

**B.     Alleged Lack of a Law Library**

The Court construes Plaintiff Krouskoupf's complaints regarding the lack of a law library as a First Amendment access-to-courts claim. *Cf. Walker v. Mintz*, 771 F.2d 920, 932 (6th Cir. 1985) ("We are concerned with a right of access to the courts, not necessarily to a prison law library. There is no claim made here that any particular prisoner was actually impeded in his access to the courts.").

Prisoners have a First and Fourteenth Amendment right of access to the courts. *See Lewis v. Casey,* 518 U.S. 343, 351-54 (1996). To state a claim that a state actor has violated that right, a plaintiff must allege an "actual injury" and official conduct that is more than mere negligence. *See Harbin-Bey v. Rutter,* 420 F.3d 571, 578 (6th Cir. 2005); *Gibbs v. Hopkins,* 10 F.3d 373, 379 (6th Cir. 1993). "Actual injury" can be demonstrated by "the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). In addition, the underlying action cannot be frivolous. *Lewis,* 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405-06 (6th Cir. 1999) ("By explicitly requiring that plaintiffs show actual prejudice to non-frivolous claims, *Lewis* did in fact change the 'actual injury' requirement as it had previously been applied in this circuit."). Thus, "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 & n.3). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id*. at 416.

Here, Plaintiff Krouskoupf's allegations that he could not assist in his criminal defense and that his request for copies was denied fail to state a viable access-to-courts claim because such allegations fail to demonstrate that Plaintiff Krouskoupf has suffered the requisite actual injury. *See, e.g., Whiteside v. Duke*, No. 17-1106, 2019 WL 2578260, at *7 (W.D. Tenn. June 24, 2019) (dismissing inmate's access-to-courts claim premised upon alleged denial of legal books and notary services where inmate failed to allege what legal claim he was unable to pursue and conceded he was represented by an attorney); *Johnson v. Humphrey*, No. 1:18-cv-43, 2018 WL 1151812, at *8 (S.D. Ohio Mar. 5, 2018) (dismissing access-to-courts claim premised upon

9

alleged denial to law library access where inmate alleged only that he missed a required deadline, explaining that such allegations were insufficient to permit the Court to "infer that a nonfrivolous claim has been hampered").

Because Plaintiff Krouskoupf has failed to sufficiently allege an actual injury, it is **RECOMMENDED** that the Court dismiss his access-to-court's claim premised upon the alleged lack of a law library pursuant to § 1915(e)(2).

## IV.

For the reasons set forth above, it is **RECOMMENDED** that Plaintiff Krouskoupf's claims be **DISMISSED** for failure to state a claim pursuant to pursuant to § 1915(e)(2).

The Clerk is **DIRECTED** to send a copy of this order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report

and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

/s/ *Chelsey M. Vascura* _____
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE